UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN BRINICH-BARNES,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-00457-KES-EPG<br><br>ORDER VACATING SCHEDULING CONFERENCE AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLETE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) |

Plaintiff Helen Brinich-Barnes proceeds *pro se* in this civil action against Defendant PHH Mortgage Corporation and various Doe Defendants. (ECF No. 1). For the reasons given below, the Court orders Plaintiff to show cause why this action should not be dismissed without prejudice for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Plaintiff initiated this action with the filing of the complaint on April 21, 2025. (ECF No. 1). A summons was issued on that same date. (ECF No. 3). The Court also issued an Order Setting Mandatory Scheduling Conference that date, that advised Plaintiff of the need to serve

Defendants in order to proceed with this action, as follows:

> The Court is unable to conduct a Scheduling Conference until the defendant has been served with the summons and complaint. Accordingly, plaintiff shall diligently pursue service of the summons and complaint . . . . See Fed. R. Civ. P. 4 (addressing various means to achieve service). Plaintiff shall promptly file proofs of service and complaint so the Court has a record of service. Fed. R. Civ. P. 4(l). Plaintiff is referred to Fed. R. Civ. P. 4(m), which requires that the complaint be served within 90 days after the complaint is filed. If necessary, plaintiff may move for an extension of time to complete service. Failure to timely serve the summons and complaint may result in the imposition of sanctions, including dismissal of the unserved defendants.

(ECF No. 4, pp. 1-2).

To date, Plaintiff has not filed a proof of service demonstrating that Plaintiff has accomplished service of the complaint on Defendant, nor has a waiver of service been filed by Defendant. Thus, the ninety-day time period for service appears to have expired without defendant being serviced with the summons and complaint as required by Fed. R. Civ. P. 4(m).

The Court will thus order Plaintiff to show cause why this case should not be dismissed for failure to complete service under Rule 4(m).

Accordingly, IT IS ORDERED as follows:

1. The July 28, 2025, initial scheduling conference (ECF No. 5) is VACATED, to be reset at a later time if necessary.
2. Plaintiff shall show cause why this action should not be dismissed without prejudice for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m).
3. By no later than August 19, 2025, Plaintiff shall file either (1) a proof of service as to Defendant; or (2) a response to this order to show cause demonstrating that Plaintiff has good cause for failing to complete service on Defendant and providing a deadline when Plaintiff will serve Defendant.

\\\
\\\
\\\
\\\
\\\

4. Plaintiff is advised that failure to respond to this order to show cause may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: __**July 22, 2025**__         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE