UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN BRINICH-BARNES,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-00457-KES-EPG<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLETE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>ORDER RESETTING SCHEDULING CONFERENCE<br><br>(ECF NOS. 6, 7, 8) |

Plaintiff Helen Brinich-Barnes proceeds *pro se* in this civil action against Defendant PHH Mortgage Corporation and various Doe Defendants.[1] (ECF No. 1). On July 22, 2025, the Court issued an order for Plaintiff to show cause why this action should not be dismissed without prejudice for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m) and also vacated the initial scheduling conference. (ECF No. 6).

Plaintiff has timely responded to this order, stating that she hired a process server to complete service, initially believed that service had been properly completed via service on Defendant's counsel and that the process server would file proof of service, but later realized "that service must be made on Defendant's Registered Agent, not merely on Defendant's counsel, and that a proper Proof of Service must be filed directly with the Court." (ECF No. 8, p. 2).

---

[1] Plaintiff has paid the $405 filing fee and thus does not proceed *in forma pauperis*.

1

Plaintiff contends she has "corrected this error and has now successfully served Defendant PHH Mortgage Corporation through its registered agent." (*Id.*). Plaintiff "submits that her failure to timely and properly serve Defendant was the result of a good-faith mistake and reliance on [the process server's] assurances, rather than any intent to delay or disregard the Court's orders" and asks that this case be allowed to proceed. (*Id.* at 3). Along with her filing, Plaintiff has submitted a proof of service, which was purportedly completed on July 31, 2025. (ECF No. 7).

Upon consideration of Plaintiff's *pro se* status, her representations that service was not achieved due to her unfamiliarity with the service requirements rather than lack of effort, and that she has now completed service, the Court will discharge its order to show cause and set a new scheduling conference date.[2]

Accordingly, IT IS ORDERED as follows:

1. The Court's July 22, 2025 show cause order is discharged. (ECF No. 6).
2. The initial scheduling conference is reset for October 7, 2025, at 10 a.m. in Courtroom 10 before the undersigned. The Court grants telephonic participation with each party directed to use the following dial-in number, meeting ID and passcode: (1) dial 1-669-254-5252 , (2) enter 161 733 0675 for the meeting ID followed by # , (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed by # , and (5) enter *6 to unmute.

IT IS SO ORDERED.

Dated:  **August 19, 2025**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that, by vacating the show cause order, the Court is not deciding that service has been properly completed.