UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helen Brinich-Barnes,<br>Plaintiff,<br>v.<br>PHH Mortgage Corporation,<br>Defendant. | No. 1:25-cv-00457-KES-EPG<br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>Doc. 17 |

Helen Brinich-Barnes is proceeding pro se in this action filed April 21, 2025. On August 28, 2025, defendant filed an ex parte application to extend time to respond to the complaint. Doc. 11. On August 29, 2025, the magistrate judge found good cause to grant the extension of time and required defendant to respond to plaintiff's complaint by September 12, 2025. Doc. 12.

On September 3, 2025, plaintiff filed a motion "to vacate" the magistrate's order granting defendant's ex parte request for an extension of time. Doc. 17. Defendant filed an opposition, and plaintiff filed a reply. Docs. 18, 24. The court construes plaintiff's motion to vacate as a motion for reconsideration, and for the reasons set forth below, denies the motion for reconsideration.

## I. Legal Standard

Rule 72(a) governs reconsideration of nondispositive matters, while Rule 72(b) concerns findings and recommendations of the magistrate judge on dispositive matters. *See* Fed. R. Civ. P. 72(a)-(b); *see also United States v. Abonce–Barrera*, 257 F.3d 959, 968 (9th Cir.2001).

Rule 72(a) requires a district judge to modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019). A magistrate judge's decision is " 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Est. of Thomas v. Cnty. of Sacramento*, No. 2:20-CV-00903-KJM-DB, 2021 WL 2711187, at *2 (E.D. Cal. July 1, 2021) (quoting *Martin v. Loadholt*, No. 1:10-cv-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 622 (1993) (alteration in original) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential[.]" *Id.* at 623.

## II. Analysis

Plaintiff fails to establish grounds for reconsideration of the magistrate judge's August 29, 2025 order. Plaintiff asks the court to vacate the magistrate judge's order on the grounds that defendant failed to adhere to the deadlines set forth in the Federal Rules of Civil Procedure and that granting the extension ex parte violates due process. Doc. 17 at 1. The magistrate judge explained that "Under Local Rule 144(c), a court may exercise its discretion to 'grant an initial ex parte extension upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary.'" Doc. 12. The magistrate judge found good cause to extend the deadline. The magistrate judge's finding of good cause, and the order granting the extension of time, were not clearly erroneous or contrary to law.

Plaintiff also argues that she is entitled to a clerk's notice of default because defendant did not timely respond to the complaint, and that she is prejudiced by the extension of time because she now has to litigate her case. Doc. 17 at 4–8. But plaintiff is not entitled to a default judgment where a defendant has appeared in the case and indicated its intent to defend an action. *See Spann v. Cox Commc'n*, No. 2:23-cv-00093-GMN-EJY, 2023 WL 7287495, at *1 (D. Nev. Oct. 16, 2023) ("the Rule 55(a) advisory note indicates that it is inappropriate to enter a default against a party who has indicated their intent to defend."). The magistrate judge found that the extension of time was "unlikely to cause any material prejudice or delay in this case." Doc. 12. Plaintiff cannot establish prejudice by arguing that a short extension of time required her to litigate a case that she filed. Because plaintiff fails to establish that the August 29, 2025 order was clearly erroneous or contrary to law, plaintiff's motion for reconsideration is denied.

## III. Conclusion

The construed motion for reconsideration, Doc. 17, is denied. Plaintiff's request to stay proceedings pending the resolution of the motion for reconsideration, Doc. 23, is denied as moot.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE