UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HELEN BRINICH-BARNES,

Plaintiff,

v.

PHH MORTGAGE CORPORATION,

Defendant.

Case No. 1:25-cv-00457-KES-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) DEFENDANT'S MOTION TO DISMISS BE GRANTED; (2) THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE, AND WITHOUT LEAVE TO AMEND; (3) AND THE CLERK OF COURT BE DIRECTED TO CLOSE THIS CASE.

(ECF No. 19)

Plaintiff Helen Brinich-Barnes, proceeding *pro se*, brings various federal and state law claims against Defendant PHH Mortgage Corporation arising from settlement discussions related to two prior cases that Plaintiff filed. (ECF No. 1). On September 12, 2025, Defendant moved to dismiss Plaintiff's complaint with prejudice for failure to state a claim. (ECF No. 19).[1]

For the reasons given below, the Court will recommend that (1) Defendant's motion to dismiss be granted; (2) this case be dismissed for failure to state a claim, with prejudice, and without leave to amend; and (3) the Clerk of Court be directed to close this case.

## I. BACKGROUND

### A. The Complaint

On April 21, 2025, Plaintiff Helen Brinich-Barnes filed this lawsuit asserting claims under

[1] On September 17, 2026, United States District Judge Kirk E. Sherriff denied Plaintiff's motion for reconsideration of the undersigned's order granting Defendant's ex parte application for an extension of time to respond to the complaint. (ECF No. 27); *see also* (ECF Nos. 11, 12, & 17).

the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Gramm-Leach-Bliley Act, the Consumer Financial Protection Act, and the California Financial Information Privacy Act, in addition to claims for violation of privacy rights, unfair business practices, breach of good faith and fair dealing, intentional infliction of emotional distress, and injunctive relief. (ECF No. 1). The complaint alleges Plaintiff is the duly appointed Administrator of the Estate of Garland Barnes, Plaintiff's late father. (*Id.* at 2). Defendant is a mortgage servicer and the successor via merger to Ocwen Loan Servicing, LLC. (*Id.* at 2-3).

Plaintiff alleges that on October 21, 2024, after she was informed by Defendant's counsel that Defendant would only accept a settlement for the full loan amount, she submitted a formal settlement offer for the full loan amount of $243,843.65 for the property located at 117 East 21st Street, Merced, California 95340. (*Id.* at 3) (citation omitted). Plaintiff claims that despite multiple follow-ups, Defendant failed to properly respond to the settlement offer for several months. (*Id.*).

On November 19, 2024, Plaintiff filed suit in this Court against Defendant asserting various claims arising from the foreclosure of the property. ("Case No. 1414"). (*Id.*) (citations omitted); *see also Brinich-Barnes v. Ocwen Loan Servicing, LLC*, Civil Action No. 1:24-cv-01414-KES-SKO, at (ECF No. 1) (E.D. Cal. Nov. 19, 2024). Plaintiff alleges that sometime between November 2024 and February 2025, Defendant listed the property for auction without addressing her settlement offer. (ECF No. 1 at 3). Plaintiff asserts that when Defendant requested an extension of time to file its answer in Case No. 1414 on February 12, 2025, she denied the request and "reintegrated [sic] her offer/desire to settle the matter," to which Defendant's counsel expressly stated that he would convey her offer to Defendant as he was required to do. (*Id.*) (citations omitted).

Plaintiff contends that on February 15, 2025, an individual named Mark Medynski ("Medynski") contacted her on Facebook to ask if she was selling the property. (*Id.* at 4) (citation omitted). Three days later, Plaintiff asserts that she contacted PHH's counsel asking if he submitted her offer to PHH, but he did not give her a direct answer. (*Id.*). On March 1, 2025, Plaintiff alleges Medynski contacted her again via Facebook "claiming PHH [] told him that 'the 243k judgement can only be paid if [you] sell me the house for a dollar and I assume your

judgment.'" (*Id.*) (citation omitted).

Plaintiff claims that on April 16, 2025, Medynski emailed her "stating that he called PHH and they told [him] to 'contact you and work something with you to acquire the property and then pay off their claim plus the penalties or they were going to sell it threw [sic] a sherifs [sic] sale and [he] could buy it there.'" (*Id.*) (citation omitted). Plaintiff asserts that in the same email, Medynski stated that he "'had originally asked [if he] could put money down and take over or get the mortgage assigned to [him, but] they didnt [sic] say much other then [sic] if [he] coundnt [sic] buy it from [Plaintiff] they wouldnt [sic] sell it to [him] and [he] would have to buy it from the sherifs [sic] sale and it would be an all cash sale at that point.'" (*Id.*) (citation omitted).

Plaintiff alleges PHH "engaged in deceptive practices by: a) Failing to properly process the settlement offer; b) Making contradictory statements about the handling of the offer; c) Disclosing private information to unauthorized third parties; [and] d) Attempting to orchestrate a forced sale through third-party pressure." (*Id.*).

As relief, Plaintiff seeks an emergency injunction, statutory damages, punitive damages, fees due under the contract, interest, and attorneys' fees and costs. (*Id.* at 8).

**B. Motion to Dismiss**

On September 12, 2025, Defendant moved to dismiss Plaintiff's complaint. (ECF No. 19). First, Defendant argues that Plaintiff has failed to state a claim for violation of RESPA because when she made the settlement offer, no mortgage lien existed. (*Id.* at 7). Next, Defendant argues that Plaintiff's FDCPA claim fails because there was no debt to collect in 2024. (*Id.*). Additionally, Defendant argues that Plaintiff's claim for violation of privacy rights fails because the information she alleges in the complaint is available to the general public. (*Id.*). Defendant also argues that Plaintiff's unfair competition law claim fails because any allegations concerning settlement discussions between the parties must be disregarded under the Federal Rules of Evidence, and regardless, she lacks standing to sue under that statute. (*Id.* at 7-8).

Next, Defendant argues that Plaintiff's claim for breach of good faith and fair dealing fails because she fails to allege the existence of a contract between Plaintiff and Defendant. (*Id.* at 8). Additionally, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress fails because she does not allege extreme or outrageous conduct. (*Id.*). Defendant also

argues that there is no private right of action under the Gramm-Leach-Bliley Act, the Dodd-Frank Act, or the California Financial Information Privacy Act. (*Id.*). Finally, Defendant argues that to the extent Plaintiff intended to assert a cause of action for injunctive relief, her claim fails because injunctive relief is a remedy, not a cause of action. (*Id.*).[2]

**C. Opposition**

On September 26, 2025, Plaintiff filed an opposition to Defendant's motion. (ECF No. 25). Plaintiff argues that Defendant's motion is "built upon a foundation of materially false representations, deliberate omissions of critical facts, and a brazen attempt to escape accountability for ongoing violations of federal law and professional ethics." (*Id.* at 2). Specifically, Plaintiff argues that Defendant "erroneously invokes the doctrine of res judicata based on a prior state court dismissal that was not adjudicated on the merits" but rather "was dismissed for procedural reasons[,]" and "[m]isrepresents the procedural posture by ignoring the pending Ninth Circuit appeal [in the prior federal action] that prevents res judicata from applying[.]" (*Id.* at 2-3). Plaintiff argues that even if res judicata applied, "this action is based on post-judgment conduct that could not have been litigated in prior proceedings." (*Id.* at 4).

Next, Plaintiff argues that the motion to dismiss "cannot survive the undisputed fact that

---

[2] Defendant requests the Court take judicial notice of certain documents relating to the property, including the Deed of Trust, Assignment, and Trustee's Deed Upon Sale, and documents from a prior California state court action Plaintiff filed against it and Case No. 1414. (ECF No. 20). In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. *Gumataotao v. Dir. of Dep't of Revenue & Tax'n*, 236 F.3d 1077, 1083 (9th Cir. 2001) (citation omitted). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal marks omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted) ("We may take judicial notice of court filings and other matters of public record."). Accordingly, the Court takes judicial notice of the documents relating to the property filed in the Merced County Recorder's Office, in addition to documents filed in the state court case and Case No. 1414.

Defendant's counsel . . . committed perjury in his declaration to this Court" when he declared that Defendant had no knowledge of this lawsuit until August 21, 2025, because the Court's "own electronic service records, email communications, and docket entries provide conclusive proof that PHH and counsel were aware of this case well before" that date. (*Id.* at 5-6). Plaintiff argues that a pattern of attorney misconduct undermines Defendant's credibility, since PHH"s counsel "engaged in unconscionable conduct by deliberately misleading Plaintiff's former attorney, who was suffering from serious illness including seizures, into believing a settlement had been reached," which "caused Plaintiff to waive her appeal rights under false pretenses[.]" (*Id.* at 6) (citations omitted).

With respect to the claims asserted in her complaint, Plaintiff argues that Defendant's "failure to properly respond to [her] qualified written requests and their deceptive practices in loan servicing constitute clear violations" of RESPA; the "pattern of deceptive communications, false representations to third parties, and harassment tactics violate multiple provisions of the" FDCPA; and Defendant's "unauthorized disclosure of confidential information about Plaintiff's litigation and financial position to third parties violates both federal and California privacy statutes." (*Id.* at 7-8) (citations omitted). She argues that the statute of limitations is satisfied with respect to all claims asserted in the complaint. (*Id.* at 8).

Plaintiff also argues that Defendant's "'public records' defense is a red herring," since the "issue is not the existence of public records," but "rather: 1) False representations made by PHH about non-existent 'judgments' and debt obligations; 2) Confidential litigation information improperly disclosed to discourage fair negotiation; and 3) Interference with contractual relationships through misleading communications during active litigation." (*Id.* at 8).

Finally, Plaintiff claims Defendant's conduct violates her "fundamental due process rights under the Fifth and Fourteenth Amendments." (*Id.* at 9) (citations omitted).

**D. Reply**

In its reply, Defendant argues that although Plaintiff's opposition primarily focuses on her contention that her claims are not barred by res judicata, her contention is irrelevant since it did not argue that her claims are barred by res judicata. (ECF No. 26 at 2-4). Defendant also argues that her opposition fails to refute its showing with respect to her claims. (*Id.* at 2-7). Finally,

Defendant argues that the complaint does not contain constitutional claims, but regardless, "the rights established in the United States Constitution only apply to the government," not private companies. (*Id.* at 7) (citations omitted).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). "However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57.

## III. ANALYSIS

### A. RESPA Claim

Plaintiff alleges Defendant violated RESPA "by not providing timely and adequate responses to [her] inquiries and by failing to properly handle the settlement offer." (ECF No. 1 at

5). Defendant moves to dismiss this claim, arguing that RESPA does not apply to settlement communications in litigation, but regardless, when Plaintiff made the settlement offer, no mortgage lien existed, since the foreclosure of the property was completed in 2018. (ECF No. 19 at 11-12). Plaintiff does not address these arguments in her response. *See* (ECF No. 25).

RESPA was enacted "'to increase the supply of information available to mortgage consumers and to eliminate abusive practices.'" *Gilliam v. Levine*, 955 F.3d 1117, 1120 (9th Cir. 2020) (alteration and citation omitted). Relevant to Plaintiff's claims, RESPA "provides an action for damages against mortgage-loan servicers who fail to respond to certain types of inquiries from borrowers." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 663 (9th Cir. 2012). "A loan servicer's obligation to respond under RESPA is triggered by a [qualified written request] that (1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for the belief that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower, and (3) seeks information relating to the servicing of the loan." *Feighery v. Ditech Fin., LLC*, No. 2:17–cv–01473–KJM–AC, 2018 WL 373055, at *2 (E.D. Cal. Jan. 11, 2018) (alterations and internal marks omitted) (quoting *Medrano*, 704 F.3d at 666); *see also* 12 U.S.C. § 2605(e)(1)(A)-(B). "[T]he third of those requirements—that the letter must request information relating to servicing—ensure that the statutory duty to respond does not arise with respect to *all* inquiries or complaints from borrowers to servicers." *Medrano*, 704 F.3d at 666.

Here, Plaintiff's October 21, 2024, "settlement offer" sent to Defendant's counsel in which she "offer[ed] to settle this matter with a lump sum payment of $243,843.65, . . . the remaining loan balance at the time of foreclosure," (ECF No. 1 at 12), does not constitute a qualified written request, as the communication was made in relation to settling Plaintiff's alleged post-foreclosure claims to the property rather than the servicing of a loan. Further, as Defendant points out, the communication could not have sought information relating to the servicing of a loan, since the property was sold at a trustee's sale on August 22, 2018, for the amount then due under the loan. *See* (ECF No. 20-5).

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's RESPA claim.

**B. FDCPA Claim**

Plaintiff alleges Defendant violated the FDCPA by "a) Engaging in deceptive practices; b) Making false representations; c) Disclosing information about the debt to third parties; [and] d) Using unfair means to collect a debt[.]" (ECF No. 1 at 5). Defendant moves to dismiss this claim, arguing that the FDCPA does not apply to nonjudicial foreclosure activity, but regardless, there was no debt to collect in 2024 or 2025 when Plaintiff offered to settle her litigation claims against Defendant. (ECF No. 19 at 12-13) (citations omitted). Plaintiff does not address these arguments in her response. *See* (ECF No. 25).

Similar to her claim brought under RESPA, the Court agrees with Defendant that there was no debt to collect when Plaintiff made her "settlement offer," since the property was sold at a trustee's sale on August 22, 2018.

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's FDCPA claim.

**C. Violation of Privacy Rights Claim**

Plaintiff alleges Defendant violated her privacy rights "by disclosing personal and financial information to unauthorized third parties." (ECF No. 1 at 5). Defendant moves to dismiss this claim, arguing that the foreclosure-related information that Plaintiff alleges it revealed is available to the general public. (ECF No. 19 at 13). In her response, Plaintiff asserts that the "issue is not the existence of public records," yet again references information being "improperly disclosed to discourage fair negotiation." (ECF No. 25 at 8). She also contends Defendant made false representations about non-existent judgments and debt obligations and interfered with contractual relationships through misleading communications during litigation. (*Id.*).

The Court agrees with Defendant that the information Plaintiff takes issue with—the foreclosure status of the property and the balance of the loan at the time the property was sold at a trustee's sale—is publicly available information and thus cannot constitute an invasion of Plaintiff's privacy rights.

Further, contrary to Plaintiff's assertion, Defendant's reference to the disposition of a prior state court proceeding brought by Plaintiff against Defendant is not a "false

representation[].” Although she claims that the state court proceeding “was dismissed for procedural reasons[,] . . . not due to any substantive ruling on the claims,” (ECF No. 25 at 2), records from the state court proceeding reveal summary judgment was granted, and judgment was entered, in favor of defendants in that case, *see* (ECF Nos. 20-7 & 20-8).

Finally, it is not clear what “contractual relationship[]” Plaintiff contends that Defendant interfered with.

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff’s violation of privacy rights claim.

**D. Unfair Business Practices Claim**

Plaintiff alleges Defendant “engaged in unfair business practices through its mishandling settlement negotiations, making contradictory statements, and attempting to force a sale through third-party pressure.” (ECF No. 1 at 6). Defendant moves to dismiss this claim, arguing that Plaintiff lacks standing to sue under California’s Unfair Competition Law, since her complaint does not include an allegation that she lost money or property as a result of the alleged unfair competition. (ECF No. 19 at 15). Plaintiff does not address this argument in her response. *See* (ECF No. 25).

The Court agrees with Defendant that Plaintiff’s complaint does not include allegations amounting to a loss of money or property and instead, relate to her claim that Defendant should have accepted her “settlement offer” for any alleged claims she believed she could raise in litigation regarding the property, even though the property was sold at a trustee’s sale in August 2018.

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff’s unfair business practices claim.

**E. Breach of Good Faith and Fair Dealing Claim**

Plaintiff alleges “Ocwen Defendants breached their duty of good faith by failing to properly process the settlement offer, making misleading statements about the offer’s status, and creating artificial obstacles to settlement.” (ECF No. 1 at 6). Defendant moves to dismiss this claim, arguing that there is no claim for “breach of good faith and fair dealing,” and to the extent she is referring to the implied covenant of good faith and fair dealing that exists in every contract

under California law, she has alleged no contract with Defendant and cannot allege the "special relationship" required for a claim of tortious breach of the implied covenant of good faith and fair dealing. (ECF No. 19 at 16-17). Plaintiff does not address these arguments in her response. *See* (ECF No. 25).

The Court agrees that Plaintiff has not alleged the existence of a contract between her and Defendant to support a claim for breach of the implied covenant of good faith and fair dealing. *See Feighery*, 2018 WL 373055, at *5 (citations and internal marks omitted) ("The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract.").

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's breach of good faith and fair dealing claim.

**F. Gramm-Leach-Bliley Act Claim**

Plaintiff alleges Defendant violated 15 U.S.C. § 6801 *et seq.* by "disclosing nonpublic personal information to unauthorized third parties, failing to protect the confidentiality of [Plaintiff's] financial information, and failing to implement required privacy safeguards." (ECF No. 1 at 6). Defendant moves to dismiss this claim, arguing that there is no private right of action under the Gramm-Leach-Bliley Act. (ECF No. 19 at 17) (citations omitted). Plaintiff does not address this argument in her response. *See* (ECF No. 25).

The Court agrees with Defendant that there is no private right of action under this statute. *See* 15 U.S.C. § 6805; *Hall v. Equifax Info. Servs.*, No. 2:21-cv-01979 JAM AC PS, 2021 WL 5566746, at *1 (E.D. Cal. Nov. 24, 2021) (citations omitted) (explaining that the statute's enforcement provisions "make clear that there is no private right of action available"), adopted by 2022 WL 397556, at *1 (E.D. Cal. Feb. 9, 2022); *Bowler v. Green Tree Servicing, LLC*, No. CIV 2:10–cv–2244–GEB–JFM (PS), 2011 WL 320398, at *3 (E.D. Cal. Jan. 27, 2011) (citation omitted) (explaining that the Act "provides that the law and the regulations prescribed thereunder are to be enforced by federal and state authorities"), adopted by 2011 WL 13244158, at *1 (E.D. Cal. Mar. 1, 2011).

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's

Gramm-Leach-Bliley Act claim.

**G. Consumer Financial Protection Act Claim**

Plaintiff alleges Defendant "engaged in unfair, deceptive, or abusive acts or practices [] by using unauthorized third parties to pressure [her], disclosing confidential financial information, and attempting to orchestrate forced property sales through third-party harassment funds." (ECF No. 1 at 7). Defendant moves to dismiss this claim, arguing that Plaintiff's claim is for violation of the Dodd-Frank Act, but there is no private right of action under this statute. (ECF No. 19 at 17) (citations omitted). Plaintiff does not address this argument in her response. *See* (ECF No. 25).

The Court agrees with Defendant that there is no private right of action under this statute. *See McQuennie v. Wells Fargo Inst. Ret. Servs.*, Case No. 1:22-cv-00557-JLT-SKO, 2022 WL 22235565, at *5 (E.D. Cal. Aug. 12, 2022) (citations omitted) (explaining that the Dodd-Frank Act does not create a private right of action); *Carmichael v. Sacramento Reg'l Transit*, No. 2:16-cv-2476-JAM-EFB PS, 2017 WL 4340161, at *2 (E.D. Cal. Sept. 29, 2017) (citation omitted) (explaining that the Consumer Financial Protection Act does not provide a private right of action); *Morris v. Residential Credit Sols., Inc.*, No. 2:14–cv–01460–TLN–CKD, 2015 WL 428114, at *5 (E.D. Cal. Feb. 2, 2015) (explaining that the Consumer Financial Protection Act is Title X of the Dodd-Frank Act).

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's Consumer Financial Protection Act claim.

**H. Intentional Infliction of Emotional Distress Claim**

Plaintiff alleges Defendant's conduct "was extreme and outrageous, intended to cause severe emotional distress to [Plaintiff], calculated to pressure [her] through privacy violations, and designed to create undue stress through third-party harassment inconsistencies." (ECF No. 1 at 7). Defendant moves to dismiss this claim, arguing Plaintiff has failed to alleged extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress. (ECF No. 19 at 18). Plaintiff does not address this argument in her response. *See* (ECF No. 25).

"California recognizes a cause of action for the intentional infliction of emotional distress based on 'extreme and outrageous conduct by the defendant with the intention of causing, or

reckless disregard of the probability of causing, emotional distress.'" *Markowitz v. JPMorgan Chase Bank, N.A.*, No. 25-1747, 2026 WL 1091096, at *2 (9th Cir. Apr. 22, 2026) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035 (Cal. 2009)). "Only conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community gives rise to a claim." *Id.* (citation and internal marks omitted).

Plaintiff's allegations are insufficient to state a claim for intentional infliction of emotional distress under California law. *See Hernandez v. Tulare Cnty. Corr. Ctr.*, Case No. 1:16-cv-00413-EPG (PC), 2018 WL 4501113, at *11 (E.D. Cal. Sept. 18, 2018) (citation and internal marks omitted) ("Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."); *Madrigal v. Allstate Indem. Co.*, Case No. CV 14–4242 SS, 2015 WL 12747906, at *19 (C.D. Cal. Sept. 30, 2015) (citation omitted) (explaining that the failure to accept an offer of settlement does not in itself constitute the type of outrageous conduct that will support a claim for intentional infliction of emotional distress).

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's intentional infliction of emotional distress claim.

**I. Financial Information Privacy Act Claim**

Plaintiff alleges Defendant violated California Financial Code § 4050 *et seq.* by "sharing nonpublic personal information without [her] consent, failing to provide required privacy notices, and disclosing financial information to unauthorized parties." (ECF No. 1 at 7). Defendant moves to dismiss this claim, arguing that there is no private right of action under the California Financial Information Privacy Act. (ECF No. 19 at 20). Plaintiff does not address this argument in her response. *See* (ECF No. 25).

The Court agrees that the statute itself does not provide a private right of action, *see* Cal. Fin. Code § 4057(e), and Plaintiff has not provided any support for finding a private right of action under this statute.

Accordingly, the Court recommends granting the motion to dismiss as to Plaintiff's Financial Information Privacy Act claim.

**J. Claim for Injunctive Relief**

Plaintiff "seeks issuance of an emergency injunction as irreparable harm will occur by allowing the eviction action to proceed based on the invalid deed, and preventing [Defendant] from conducting any sale or auction activities on the [p]roperty during this litigation." (ECF No. 1 at 8). Defendant argues that to the extent Plaintiff intended to assert a cause of action for injunctive relief, it moves to dismiss this claim, since injunctive relief is a remedy, not a cause of action. (ECF No. 19 at 20) (citation omitted). Plaintiff does not address this argument in her response. *See* (ECF No. 25).

First, injunctive relief is not an independent cause of action, but rather, "a remedy potentially available if [P]laintiff prevails on an underlying substantive cause of action." *A.B. Concrete Coating Inc. v. Wells Fargo*, 491 F. Supp. 3d 727, 737-38 (E.D. Cal. Sept. 30, 2020) (citations omitted); *see also Moten v. Horn*, Case No. 1:25-cv-01107-JLT-EPG, 2026 WL 983122, at *7 (E.D. Cal. Apr. 13, 2026) (citation and internal marks omitted) ("A cause of action must exist before injunctive relief may be granted."), adopted by 2026 WL 1470740, at *1 (E.D. Cal. May 26, 2026).

Moreover, Plaintiff's request for injunctive relief is insufficient. "A plaintiff seeking a preliminary injunction must establish [1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Alo v. Ramos*, Case No. 1:23-cv-00663-JLT-SAB, 2023 WL 4274131, at *4 (E.D. Cal. June 29, 2023) (internal marks omitted) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)), adopted by 2023 WL 4936268, at *1 (E.D. Cal. Aug. 2, 2023). Plaintiff "has not alleged sufficient facts to establish entitlement to such relief, as [s]he has not satisfied any of the aforementioned elements for seeking an injunction." *Id.*

Accordingly, to the extent Plaintiff intended to assert a claim for injunctive relief, the Court recommends granting the motion to dismiss as to her claim.

## IV. FINDINGS AND RECOMMENDATIONS

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss, (ECF No. 19), be granted;

2. Plaintiff's complaint be dismissed for failure to state a claim, with prejudice, and without leave to amend; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 6, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE